JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Hipolito Ortiz

**DEFENDANTS**

Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego, CA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Attorneys (If Known)

Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question
(U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity
(Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal | ☐ 650 Airline Regs | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Employers' | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|    Student Loans |    Liability |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 340 Marine | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits. |    Liability | **LABOR** | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle |    Act | ☐ 863 DIWC/DIWW |    12 USC 3410 |
| ☐ 195 Contract Product Liability |    Product Liability | ☐ 720 Labor/Mgmt. Relations |    (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Franchise | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. | ☐ 894 Energy Allocation Act |
| | | ☐ 791 Empl. Ret. Inc. |    Plaintiff | ☐ 895 Freedom of Information |
| | |    Security Act |    or Defendant) |    Act |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 871 IRS – Third Party | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence |    26 USC 7609 |    Under Equal Access |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / | **Habeas Corpus:** | |    to Justice |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | |    State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. | ☐ 540 Mandamus & Other | | |
| |    w/Disabilities— | ☐ 550 Civil Rights | | |
| |      Employment | ☐ 555 Prison Condition | | |
| | ☐ 446 Amer. | | | |
| |    w/Disabilities— | | | |
| |      Other | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE    September 5, 2014

SIGNATURE OF ATTORNEY OF RECORD
*Lawrence J. Bartel*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**HIPOLITO ORTIZ,**

          Plaintiff,

**vs.**

**MIDLAND FUNDING, LLC,**

          Defendant.

**Civil Action No.**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Hipolito Ortiz v. Midland Funding, LLC</u>, docket no. 00810-2014, as filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.     On or about August 7, 2014 Plaintiff filed the Action in the Court of Common Pleas for Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.     MF first received notice of the Action on August 11, 2014, when it was served with Plaintiff's Complaint.

1

3.      Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Asset pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.      In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Philadelphia County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.      Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _____
Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendant
Midland Funding, LLC

Dated: September 5, 2014

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STACEY MORSE-GORDY,** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **MIDLAND FUNDING, LLC,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on September 5, 2014:

> Fred Davis, Esquire
> Davis consumer Law Firm, LLC
> 500 Office Center Drive, Suite 400
> Ft. Washington, PA 19034
> Attorneys for Plaintiff
> Hipolito Ortiz

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:  _Lawrence J. Bartel_
Lawrence J. Bartel, ESQUIRE
Attorneys for Defendant
Midland Funding, LLC

Dated:  September 5, 2014

4

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **AUGUST 2014** | **000810** |
| E-Filing Number: 1408012315 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| HIPOLITO ORTIZ | MIDLAND FUNDING LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2856 N MASCHER ST<br>PHILA PA 19133 | 8875 AERO DRIVE-SUITE 200<br>SAN DIEGO CA 92123 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [X] $50,000.00 or less<br>[ ] More than $50,000.00 | [X] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>AUG 07 2014<br><br>**D. SAVAGE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>    YES       NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: HIPOLITO ORTIZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FRED E. DAVIS | 500 OFFICE CTR DR<br>SUITE 400<br>FT. WASHINGTON PA 19034 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (855) 432-8475 | (855) 435-9294 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 93907 | freddavis04@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *FRED DAVIS* | Thursday, August 07, 2014, 12:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 05/07/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUMPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Fred Davis, Esquire                                    ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM                 THIS IS AN ARBITRATION MATTER.
500 OFFICE CTR DR-STE 400                    ASSESSMENT OF DAMAGES
FT. WASHINGTON, PA 19034                    HEARING IS REQUESTED.
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

HIPOLITO ORTIZ                                          COURT OF COMMON PLEAS
2856 N. Mascher St.                                     PHILADELPHIA COUNTY
PHILADELPHIA, PA
19133

*Plaintiff*                                                    CIVIL ACTION

*v.*

MIDLAND FUNDING LLC                             DOCKET NO.:
8875 Aero Drive-Suite 200
San Diego, CA
92123

*Defendant*

## NOTICE TO DEFEND
## CODE: 1900

   You have been sued in court. If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this complaint and
notice are served, by entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set forth against you.
   You are warned that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the court without further notice for any money
claimed in the complaint or for any other claim or relief requested by the plaintiff. You
may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU
CAN GET LEGAL HELP.**

Case ID: 140800810

## PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL

Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

## PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puéde continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL

Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Case ID: 140800810

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION
MATTER. ASSESSMENT OF
DAMAGES HEARING IS
REQUESTED.

---

HIPOLITO ORTIZ
2856 N. Mascher St.
PHILADELPHIA, PA
19133

*Plaintiff*

v.

MIDLAND FUNDING LLC
8875 Aero Drive-Suite 200
San Diego, CA
92123

*Defendant*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION

DOCKET NO.:

## COMPLAINT

1.     Plaintiff, HIPOLITO ORTIZ, is an adult individual

citizen and legal resident of the State of Pennsylvania, living at 2856 N. Mascher St.,

Phila, Pa 19133.

2.     Defendant, MIDLAND FUNDING LLC, is a business corporation

qualified to and regularly conducting business in the Commonwealth of Pennsylvania,

with its legal residence and principal place of business at 8875 Aero Drive-Suite 200, San

Diego, CA 92123. Defendant can be served at that address.

3.     Plaintiff avers that at all times material hereto, Defendant acted by

and through its authorized agents, servants, officers, and/or employees, including

Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.      Defendant regularly conducts business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

6.      Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.      Plaintiff is a natural person residing in Philadelphia, PA.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     Defendant, MIDLAND FUNDING LLC, is a company handling debt collection matters with headquarters located at 8875 Aero Drive-Suite 200, San Diego, CA 19133.

11.     Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

12.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     On or about May 21, 2014, Defendant filed a lawsuit against Plaintiff in the Philadelphia Municipal Court. The suit sought damages of $2,321.10, allegedly arising from an account originally issued by "CITIBANK N.A.". *See* exhibit "A"

14.     In support of the lawsuit. Defendant produced a verification from "Jennifer Widhalm", who claimed to be "an officer for Midland Funding LLC". *See* exhibit "B".

15.     Mrs. Widdhalm testified that "MCM's (Defendant's) records show that" Plaintiff "owed a balance of $2,321.10 as of April 22, 2014. *Id.*

16.     Defendant also submitted documentation in the form of letters it had previously sent Plaintiff, which claimed that as of August 15, 2013, a balance of $2,414.91 was owed. *See* exhibit "C".

17.     Plaintiff alleges and avers that Defendant repeatedly and knowingly sought to collect amounts not authorized by contract or law.

18.     Plaintiff alleges and avers that Defendant repeatedly and knowingly misrepresented the nature and legal status of the alleged debt.

19.     Plaintiff further alleges and avers that Defendant-Midland's conduct includes, but is not limited to, making or causing to be made or caused to be made numerous, offensive phone calls to Plaintiff attempting to collect the alleged "debt".

21.     Plaintiff further alleges and avers that the alleged debt was time-barred by the statute of limitations

22      Plaintiff further alleges and avers that Defendant is not a proper assignee of the alleged debt and thus had no legal right to pursue recovery or any

interest/fees on the alleged debt.

<div align="center">

CONSTRUCTION OF APPLICABLE LAW
</div>

23.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

24.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006), Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

25.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

<div align="center">

COUNT I

THE FAIR DEBT COLLECTION PRACTICES ACT
</div>

26.     In its actions to collect a disputed debt, Defendant violated the

FDCPA in one or more of the following ways:

    a.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b.  Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c.  Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

    d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

        WHEREFORE, Plaintiff, HIPOLITO ORTIZ, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-PA ID# 93907
Attorney for Plaintiff, HIPOLITO ORTIZ
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

# V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

Fred Davis-PA ID# 93907
Attorney for Pltf, HIPOLITO ORTIZ
500 Office Center Drive-Suite 400
Ft. Washington, PA    19034
(T)1-855-432-8475;(F)-855-435-9294
Email-fdavis@usacreditlawyer.com

Case ID: 140800810



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

### STATEMENT OF CLAIM

Code: Consumer Purchase - (4)

SC/CP: # SC-14-05-21-5770

MIDLAND FUNDING LLC
PO BOX 60129
SAN DIEGO, CA 92123

HIPOLITO ORTIZ
2856 N MASCHER ST
PHILADELPHIA, PA 19133

*Plaintiff(s)*

*Defendant(s)*

Service Address (information) if other than above:

*To the Defendant:* Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:
Plaintiff is the rightful assignee of the above-referenced account (hereinafter "the Account"). The Account was opened and established at Defendant's(s') request, under which credit was extended to Defendant(s). Upon information and belief, Defendant(s) used and/or authorized the use of the credit thus extended, resulting in a balance due and owing by Defendant(s) on the Account. Plaintiff holds all rights, title and interest in and to the Account. Despite Plaintiff's demands for payment, Defendant(s) has failed and refused to pay all sums due and owing on the Account, to the damage and detriment of Plaintiff. Plaintiff's business records indicate that there is presently due and owing from Defendant(s) to Plaintiff the sum set forth below.

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:
### Citation al Demandado
Por la presente, Usted esta dirijido a presentarse a la siguiente:

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

August 7th, 2014

01:15 PM

| Amount Claimed | | |
|---|---|---|
| Principal | $ | 2421.19 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Subtotal | $ | 2421.19 |
| Service | $ | 7.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.00 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 1.00 |
| JCS St. Add. Fee | $ | 2.00 |
| Court Costs | $ | 44.00 |
| TOTAL CLAIMED | $ | 2426.19 |
| Date Filed: 05/21/2014 | | |

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth below are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

PDF
EXHIBIT "A"

ARTHUR LASHIN

Signature Plaintiff/Attorney
Atty ID #: 200407

Address &  123 S BROAD STREET SUITE 1660
Phone      PHILADELPHIA, PA 19109
           215-928-1400

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR
LOS AVISOS ADJUNTOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

Case ID: 140800810

Verification

Jennifer Widhalm, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.      I am an officer for MIDLAND FUNDING LLC and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff.  I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf.  Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIBANK, N.A. account XXXXXXXXXXXX5719 (MCM Number 8560057421) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this verification on plaintiff's behalf.

2.      Based upon my review of the business records: 1) defendant(s) opened the CITIBANK, N.A. account on 2008-01-06; 2) the last payment posted to the account on 2011-08-16; and 3) the account was charged off on 2012-03-25.

3.      The business records show that the defendant(s) owed a balance of $2321.10 as of 2014-04-22.

I certify under penalty of perjury that the foregoing statements are true and correct. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
APR 3 0 2014
Date

                                        Jennifer Widhalm

PA10
Hayt, Hayt  & Landau, LLC


PCTP
EXHIBIT "B"

_____
Page - 1

        
8560057421           AFFRECORD           490984001

Case ID: 140800810

mcm

Midland Credit Management, Inc
8875 Aero Drive
Suite 200
San Diego, CA 92123

Hipolito Ortiz
2656 N Mascher St
Philadelphia, PA 19133-3525

08-15-2013

| | |
|---|---|
| MCM Account Number | 8560057421 |
| Current Owner | Midland Funding LLC |
| Original Creditor | Citibank, N.A. |
| Current Balance | $2,414.91 |
| PAYMENT DUE DATE | 09-29-2013 |

**Call (800) 265-8825 today.**

## NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW

Dear Hipolito,

On 08-08-2013, your Citibank, N.A. / The Home Depot account was sold to Midland Funding LLC, and Midland Credit Management, Inc. (MCM), a debt collection company will be collecting on, and servicing your account.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 09-29-2013, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

1) Mail in $500.00 and call to set up your remaining payments
2) Call us today to see how to qualify for discounts and payment plans.

LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. **We encourage you to call us today: (800) 265-8825.**

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

This account may still be reported on your credit report as unpaid.

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write us at 8875 Aero Drive Suite 200 San Diego, CA 92123, email us at customerservice@mcmcg.com, or call us toll-free at 1-800-265-8825 between M - Th 6am - 7:30pm, Fri 6am - 5pm, Sat 6am - 11am Mountain Time.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W. Washington, D.C. 20580.*

**BENEFITS OF PAYING**

- This may be your last chance to work with us before the account goes to an attorney.
- No additional interest will be charged to your account.
- Get rid of this debt and get on with your life.

*Once your account is paid:*

- All collection calls and letters on this account will stop!
- After receiving your final payment, we will consider this account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

CALL US TODAY!
(800) 265-8825

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

Hours of Operation
M - Th 6am - 7:30pm
Fri 6am - 5pm
Sat 6am - 11am MST

Call: (800) 265-8825

Pay Online at: www.midlandcreditonline.com

Mail: Payment Certificate

*Please tear off and return lower portion with payment in the envelope provided.*

## Payment Certificate

MCM Account Number: [illegible]
Original Account Number: [redacted]5719
Current Balance: [illegible]
Due Date: [illegible]
Amount Enclosed: $

Hipolito Ortiz
2656 N Mascher St
Philadelphia, PA 19133-3525

**Directions:**
1) [illegible]
2) [illegible]
3) [illegible]
4) Mail Payment Certificate to: [illegible]

[illegible]

mcm

Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

08-15-2013

Hipolito Ortiz
2656 N Mascher St
Philadelphia, PA 19133-3525

**STATEMENT**

| | | | |
|---|---|---|---|
| MCM Account #: 8560057421 | | | Previous Balance: $2,321.10 |
| Original Account #: [redacted]5719 | | | Interest Rate: 6% |
| Statement Date: 08-15-2013 | | Due Date: 09-29-2013 | Accrued Interest: $93.81 |
| Current Owner: Midland Funding LLC | | Original Creditor: Citibank, N.A. | Current Balance: $2,414.91 |
| Due Date | Date Received | Transactions | Amount |
| 09-29-2013 | 08-15-2013 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc. ("MCM"). The balance of $2,414.91 is due now.<br><br>Please direct all correspondence to: Midland Credit Management, Inc 8875 Aero Drive, Suite 200 San Diego, CA 92193 | $2,414.91 |
| | | | Current Balance: $2,414.91 |

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

ACTR
EXHIBIT "C"

LTIV



**Davis**
CONSUMERLAWFIRM
*Working For The People*

Frederick Davis, Esq., *Founder*
fdavis@usalemonlawyer.com
fdavis@usacreditlawyer.com
(855) 432-8475
F: (855) 435-9294

500 Office Center Drive, Ste 400, Ft. Washington, PA 19034
Cherry Hill, NJ | East Rutherford, NJ
Cambridge, MA | Baltimore, MD

usalemonlawyer.com | usacreditlawyer.com

MIOCANO Funding LLC
9875 Aero Dr - Ste 200
San Diego, CA
92123

RETURN RECEIPT
REQUESTED

*legal*



CERTIFIED MAIL™

7013 2250 0000 7503 9493



UNITED STATES
POSTAL SERVICE

1000

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Hipolito Ortiz c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury |
| | (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☑ All other Federal Question Cases | |
| (Please specify) | |

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Lawrence J. Bartel _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 5, 2014 _____   Lawrence J. Bartel _____   94006 _____

Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 5, 2014 _____   Lawrence J. Bartel _____   94006 _____

Attorney-at-Law                     Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Hipolito Ortiz c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes ☑　No ☐

Does this case involve multidistrict litigation possibilities?　　Yes ☐　No ☑

*RELATED CASE, IF ANY:*

Case Number: _____　Judge: _____　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

　　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

　　Yes ☐　No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

　　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

　　Yes ☐　No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury |
| | (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☑ All other Federal Question Cases | |
| (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 5, 2014 　　Lawrence J. Bartel　　94006

　　　　　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 5, 2014 　　Lawrence J. Bartel　　94006

　　　　　　　　　　　　　　Attorney-at-Law　　　　Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Hipolito Ortiz** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                            ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.        (X)


| | | |
|---|---|---|
| | | Defendant, Midland Funding, LLC |
| September 5, 2014 | *Lawrence J. Bartel* | |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, Esquire. | |

| | | |
|---|---|---|
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as"complex litigation" as that term has been used in the Manuals for
Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Hipolito Ortiz** | : | CIVIL ACTION |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.   (X)


| | | |
|---|---|---|
| September 5, 2014 | *Lawrence J. Bartel* | Defendant, Midland Funding, LLC |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, Esquire. | |

| | | |
|---|---|---|
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See § 1.02(e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as"complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HIPOLITO ORTIZ                          :
                                        :
            V.                          :          Civil Action
                                        :          No: _____
MIDLAND FUNDING, LLC                    :
                                        :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, which owns 10% or more of Midland Funding, LLC's stock
           _____
           _____
           _____


_9-5-14_____                    _Laurena J. Bartel_____
Date                                        Signature

                    Counsel for:   MIDLAND FUNDING, LLC _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
             two copies of a disclosure statement that:
             (1)    identifies any parent corporation and any publicly held corporation
                    owning10% or more of its stock;  or

             (2)    states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
             (1)    file the disclosure statement with its first appearance, pleading,
                    petition, motion, response, or other request addressed to the court;
                    and
             (2)    promptly file a supplemental statement if any required information
                    changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HIPOLITO ORTIZ                          :
                                        :
                                        :
          V.                            :           Civil Action
                                        :           No: _____
MIDLAND FUNDING, LLC                    :
                                        :

DISCLOSURE STATEMENT FORM

Please check one box:

☐        The nongovernmental corporate party, _____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☑        The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

         Encore Capital Group, Inc., a publicly-traded corporation, which owns 10% or more of Midland Funding, LLC's stock
         _____
         _____
         _____


_9-5-14_____              _Lawrence J. Bartel_____
Date                                Signature

          Counsel for:   MIDLAND FUNDING, LLC _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a)     WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
             two copies of a disclosure statement that:
             (1)     identifies any parent corporation and any publicly held corporation
                     owning10% or more of its stock;  or

             (2)     states that there is no such corporation.

     (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
             (1)     file the disclosure statement with its first appearance, pleading,
                     petition, motion, response, or other request addressed to the court;
                     and
             (2)     promptly file a supplemental statement if any required information
                     changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HIPOLITO ORTIZ                             :
                                           :
              V.                           :              Civil Action
                                           :              No: _____
MIDLAND FUNDING, LLC                       :
                                           :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, which owns 10% or more of Midland Funding, LLC's stock
           _____
           _____
           _____


9-5-14                                          Laurence J. Bartel
_____                               _____
Date                                            Signature

              Counsel for:   MIDLAND FUNDING, LLC
                             _____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
             two copies of a disclosure statement that:
             (1)    identifies any parent corporation and any publicly held corporation
                    owning 10% or more of its stock;  or

             (2)    states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
             (1)    file the disclosure statement with its first appearance, pleading,
                    petition, motion, response, or other request addressed to the court;
                    and
             (2)    promptly file a supplemental statement if any required information
                    changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HIPOLITO ORTIZ                          :
                                        :
              V.                        :          Civil Action
                                        :          No: _____
MIDLAND FUNDING, LLC                    :
                                        :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, which owns 10% or more of Midland Funding, LLC's stock
           _____
           _____
           _____

_9-5-14_____          _Lawena  J. Bashl_____
Date                                Signature

              Counsel for:   MIDLAND FUNDING, LLC_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)    identifies any parent corporation and any publicly held corporation
                   owning10% or more of its stock;  or

            (2)    states that there is no such corporation.

     (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)    file the disclosure statement with its first appearance, pleading,
                   petition, motion, response, or other request addressed to the court;
                   and
            (2)    promptly file a supplemental statement if any required information
                   changes.